## Boyle v. Peck

*Robert E. Yetter*, for plaintiffs.

*Jon F. LaFaver*, for defendants.

SHUGHART, P. J., November 1, 1968.—Plaintiffs in this case have filed a complaint in equity praying, inter alia, that defendants be compelled to remove a

carport attached to their premises which is alleged to be in violation of the sideyard setback provisions of the Hampden Township Zoning Ordinance No. 72. Defendants have filed preliminary objections to the complaint in which it is alleged that the ordinance in question is invalid because it was not recorded in the ordinance book of the township as provided by the First Class Township Code and, further, that plaintiffs' action is barred by laches. Following the filing of the preliminary objections by defendants, plaintiffs filed preliminary objections to defendants' preliminary objections asking that the same be stricken because the facts upon which the alleged invalidity of the ordinance is based do not appear of record. Thereafter, a stipulation of facts was filed with reference to the manner in which Zoning Ordinance No. 72 appeared in the ordinance book of the township. It thus appears that both parties are desirous of dealing with the matter at this stage, and since the factual matters are now in the record by stipulation, we shall decide the issue.

Paragraph one of the stipulation provides:

"On and prior to May 29, 1968, the Ordinance Book of Hampden Township, Cumberland County, Pennsylvania, consisted of a standard columnar bound book approximately 11 inches by 14 inches in size with 300 numbered and lined pages."

From the stipulation it appears that on page 228 of the ordinance book there was stapled a newspaper proof of publication which had a "newsprint clipping of the advertisement of the Ordinance which is pasted to the proof of publication." The proof of publication itself is fastened to the book with two staples at the top of the page, the bottom being loose. There is no township seal on the proof or on that page of the book, and no reference to any other specific book or

writing is made. Inserted in the ordinance book in loose form at page 228 was a mimeographed copy of the entire ordinance "which is a booklet consisting of 81 pages held together by three staples and no other covering or binding. The Ordinance book was bulky and had a tendency to bulge because of the many insertions; and as a result, it was necessary to place large rubber bands around it."

The stipulation also provides as follows:

"Zoning Ordinance No. 72, as enacted, consists of a book 8½ inches by 11 inches, containing 81 pages. The front and back cover consists of heavy cardboard. It is held together by a plastic binding consisting of 19 rings. The Ordinance is printed upon the pages of the Book and the pages are consecutively numbered. This Book is not attached to the Ordinance Book described in the preceeding paragraphs."

Article XV, sec. 1502, of the First Class Township Code, as amended, 53 PS §56502, provides in part:

"No ordinance, or resolution of a legislative character in the nature of an ordinance, shall be considered in force until the same is recorded *in the ordinance book of the township.*" (Italics supplied.)

In West Conshohocken Borough Appeal, 405 Pa. 150, the Supreme Court held that a borough ordinance which was not recorded as provided by the Borough Code, the provisions of which were identical to the provisions cited above in the First Class Township Code, was invalid. In that case, apparently the ordinance had been stapled to a page of the ordinance book and not typed or written thereon. The court said at page 159:

"The essential purpose behind the legislative provisions providing for recordation is that the ordinance be so entered in the ordinance book to insure a permanency of its preservation and the prevention so far

as possible of its removal from the book. Whether printed, typewritten, photostated or microfilmed copies of the ordinance be affixed or attached to the pages of the book by paste, staples, clips, or otherwise, gives no assurance that the ordinance will be permanently preserved or not removed from the book. The legislature has indicated printing, typewriting, photostating or microfilming are permissible methods of recordation or transcription; it has not indicated that the *affixation* or *attachment* of ordinances so reproduced meet the legislative mandate and that *stapling* of such ordinance is to be countenanced.

"The instant record graphically portrays the evil sought to be avoided by the legislature. When an examination of the Borough's ordinance book took place—34 days after passage of the ordinance—the *uncontradicted evidence is that the ordinance was* not in the book, having been removed, according to Miss Tyson, to take to a council meeting. Had the legislative mandate been observed, the ordinance would have been in the book in permanent form, subject to removal only by doing away with the book or the pages on which the ordinance was recorded or transcribed."

It is clear from the stipulation filed that in the instant case the ordinance was not even stapled to the page but was simply lying loose therein; from which it could at any time have been removed and lost or something different substituted in its place. We find no difficulty in concluding that the ordinance in this case was not recorded at any time prior to May 29, 1968, as required by the legislative mandate.

At some time before or after the adoption of Ordinance No. 72, its provisions were printed on pages 8½ inches by 11 inches, totaling 81 in number. These pages were bound together with a front and back

cover of heavy cardboard by a plastic binder of 19 rings. No copy of this booklet was attached in any manner to the ordinance book which was referred to in the stipulation. Counsel for plaintiffs contends that this bound form of the ordinance is an ordinance book as required by the code. In support of this contention, counsel relies on DeMare Appeal, 112 Pitts. L.J. 346, which was affirmed on appeal to the Supreme Court, 416 Pa. 39. It is perfectly obvious from that opinion that the binder there involved was clearly labeled as an "Ordinance Book of the Borough" and that the pages were inserted into the binder in such manner that required the removal of a "keyway" before any page could be removed. Judge McKay referred to the book as follows: "The book is bound together with metal clips, somewhat the same as the usual type of corporate minute book."

It is clear from the opinion that, unlike the book here which contains but one ordinance, the book in the DeMare case was truly an ordinance book and the pages were fastened together much in the same manner as the pages of our various court dockets are fastened so that pages may be removed therefrom for the purpose of typing thereon.

It is very evident that none of the township officials intended that Ordinance No. 72, bound with the plastic ring binders, was to be an ordinance book, because no reference to this was made in the ordinance book itself, where were inserted the mimeographed sheets containing the provisions of the ordinance stapled together. We entertain no difficulty in concluding that the plastic ring-bound pages of Ordinance No. 72 could not be characterized as an ordinance book so as to meet the provisions of the statute.

Our experience with ordinances of other municipalities has taught us that others beside Hampden

Township had failed to record ordinances as prescribed by the code. This deficiency was brought to the attention of the legislature and on July 1, 1968, Act No. 140, 53 PS §56573, was adopted which inter alia attempted to validate ordinances previously adopted which were attached to the ordinance book by glue, as was done with Ordinance No. 72 prior to July 1, 1968, according to the stipulation, and by other specified means.

Counsel for plaintiffs contends that by virtue of the validating statute, the ordinance in question was made effective as of the date of enactment and therefore defendants cannot assert the invalidity of the ordinance to defeat the action. It is obvious that at the time defendants erected their carport there was no valid zoning ordinance prohibiting their action. This situation continued uninterruptedly from August 30, 1966, when defendants began construction (plaintiffs' complaint, paragraph 17), until just prior to July 1, 1968. If we hold that Act 140 validates Ordinance No. 72 retroactively as to any of the penal provisions of the ordinance, it is in effect an ex post facto law as to the defendants: Article I, sec. 17, of the Constitution of the Commonwealth.

Generally, when zoning ordinances are passed, they specifically provide for the continuance of nonconforming uses of the land. This permission to continue nonconforming uses under zoning ordinance is approved because it avoids the imposition of hardship upon the property owner and *because the refusal of the continuance of a nonconforming use would be of doubtful constitutionality:* Hanna v. Board of Adjustment, 408 Pa. 306, 312. If the validation of this ordinance was made retroactive to the date of its adoption, it would in effect deprive defendants of the right to continue a use that was nonconforming at the

date of validation in July of 1968. This, we feel, would not be just or proper.

For the purposes of this case, we feel that the curative effect of Act No. 140 could not validate Ordinance No. 72 earlier than the latter part of June, 1968, which would be substantially after the defendants' carport had been put in place. We are satisfied, therefore, that there has been no validation of the Ordinance No. 72 which renders it effective to prevent the erection of defendants' carport. We are not called upon and do not here decide whether or not there was a retroactive validation of the ordinance for any other purpose.

We concur in the view of plaintiffs that the defense of laches is more properly raised by new matter in an answer to the complaint than by preliminary objections, but since the complaint must be dismissed for the prior reason, this decision is academic.

### ORDER OF COURT

And now, November 1, 1968, for the reasons set forth in the foregoing opinion, defendants' preliminary objections to plaintiffs' complaint are sustained and the complaint is dismissed.